UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN PIERRE RONET,

    Plaintiff,

v.                                            CASE NO.: 8:08-CV-2076-T-27MAP

CITY OF TAMPA POLICE
DEPARTMENT, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This is a § 1983 action with supplemental state claims by a *pro se* litigant against the City of Tampa Police Department (City), four of its officers, the State Attorney's office, a state prosecutor, a motel owner, and two of the motel's clerks surrounding his arrest for failing to register as a sex offender.[1] In the main, the Plaintiff claims the City violated his Fourth Amendment rights when its officers arrested him without probable cause. At issue is whether the Plaintiff can withstand the City's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (*see* doc. 16). Because the Plaintiff cannot possibly make out a Fourth Amendment claim, nor any other constitutional violation, I recommend the district judge dismiss his complaint for the reasons

---

    [1] I note the Plaintiff names the Tampa Police Department as a the Defendant; however, it is not an entity capable of being sued under 42 U.S.C. § 1983. The capacity to sue or be sued is "determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (quotations and citations omitted). Under Florida law, the "Police Department does not have the capacity to sue or be sued." *Masson v. Miami-Dade County*, 738 So.2d 431, 432 (Fla. 3d Dist. Ct. App. 1999). To the extent Plaintiff attempts to assert a claim against the police officers in their official capacities, the suit is actually against the City of Tampa. *Busby v. Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

stated in the City's motion and those stated below.[2]

   A.  *Standard of Review*

Dismissal under Rule 12(b)(6) is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation and quotations omitted). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and punctuation omitted). The allegations in the complaint are viewed in the light most favorable to the plaintiff. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Moreover, as Plaintiff is proceeding *pro se*, his complaint should be liberally construed. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

   B.  *The Complaint*

Plaintiff is a registered sex offender. On February 28, 2006, he registered with the Hillsborough County Sheriff's Office noting a change of address to the Budget Inn at 4011 E. Columbus Drive in Tampa. On April 16, 2006, when a police officer (Defendant Elliott) contacted the Budget Inn to verify that information, the motel clerk (Defendant Price) informed the officer that the Plaintiff was no longer residing there. On April 24, 2006, another police

---

[2] The district court judge referred this motion to me for report and recommendation (doc. 34). *See* 28 U.S.C. § 636(b).

officer (Defendant Cholnik) phoned the Budget Inn inquiring about Plaintiff's whereabouts. Not only did this second officer reference the Plaintiff's registered sex offender name, but the officer also asked about the Plaintiff's known alias (Peterson) and Plaintiff's girlfriend, McKee. This time a different clerk (Defendant Curtis) confirmed what the previous Budget Inn clerk had said more than a week before – the Plaintiff no longer resided there.

From all this, another police officer (Defendant Berry) prepared a criminal affidavit alleging Plaintiff violated the sex offender reporting requirements. A supervising officer (Defendant Officer Figueredo) approved the report, and a judge ultimately issued an arrest warrant.[3] Plaintiff was arrested on August 7, 2006, and charged by information with presumably violating Fla. Stat. § 943.0435.[4] After the Plaintiff offered proof of his stay at the Budget Inn during the relevant period, the state eventually dismissed the information on October 13, 2006.

Based on these events, Plaintiff filed the instant complaint charging claims under 42 U.S.C. § 1983 against the City, its officers (individually and in their official capacities), the State Attorney's office, an assistant state attorney who apparently prosecuted him, and supplemental state claims of some unknown variety against the Budget Inn owner and his clerks. Specific to the City, the Plaintiff asserts it had an unlawful policy and practice of "authoriz[ing] certain officers … to conduct street checks on only registered sex offenders, to arrest, imprison them

---

[3] The clear import of the Plaintiff's allegations in his complaint is that his arrest was based on a warrant and this fact is confirmed by the attachments to the Plaintiff's response to the City's motion to dismiss.

[4] Although Plaintiff does not identify the charging statute in his complaint, his response to the motion to dismiss does. Fla. Stat. § 943.0435(4)(a) makes it a criminal offense for a registered sex offender to fail to report any change in his permanent or temporary residence within forty-eight (48) hours of the change.

despite the lack of probable cause or any factual violation which would justify that arrest and imprisonment … to knowingly discriminate against a certain group of citizens (sex offenders)," and to inadequately train and supervise officers "in conducting street checks of registered sex offenders."[5]  He also summarily alleges he has been denied access to the courts (a First Amendment violation), denied due process (a Fifth Amendment claim), and denied his guarantees under the Sixth and Fourteenth Amendments.  Accordingly, he seeks damages from Defendant in the amount of $35,000 in compensatory damages, $35,000 in punitive damages, and $35,000 in special damages.  None of Plaintiff's claims has any arguable merit, and all should be denied under a Rule 12(b)(6) analysis or under 28 U.S.C. § 1915 when reconsidering Plaintiff's *in forma pauperis* status.[6]

  *C. Discussion*

Despite Plaintiff's focus in his complaint about the City's policies and practices, his Fourth Amendment claims rest on the validity of the arrest warrant.  In short, he must show that the warrant was invalid, and to invalidate a warrant based on incorrect information in a supporting affidavit, which is at the core of his allegations, the Plaintiff must show that the

---

[5] To establish a cause of action under Section 1983, a plaintiff must show "a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).  "A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of municipal policy or custom." *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009) (citation omitted), *reh'g and reh'g en banc denied*, ___ F.3d ___ (11th Cir. 2009) (Table, No. 08-12348-AA).

[6] Section 1915(e)(2) provides "the court shall dismiss [an *in forma pauperis*] case *at any time* if the court determines that … (B) the action or appeal—(i) is frivolous or malicious." (emphasis added).  An "action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th cir. 2002) (citation and quotations omitted).

officers intentionally or recklessly included false information or omitted true information. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978); *Maughon v. Bibb County,* 160 F.3d 658, 660 (11th Cir. 1998). And that he fails to do. Even if his complaint were to be construed as alleging the officers acted negligently, this would not be enough for a viable § 1983 action as a state actor's negligent or innocent mistakes do not violate the Fourth Amendment. *Id.* Besides, the Plaintiff presents facts which lead to an inescapable conclusion – that the officers had probable cause to believe that he had failed to register his new address within forty-eight hours as required.[7]

None of his remaining claims, which are formulaic at best, has any chance of success and should be denied under a Rule 12(b)(6) application or as frivolous under 28 U.S.C. § 1915(e)(2). For example, Plaintiff claims he was denied access to the courts. However, the facts alleged in his complaint, show it was precisely because Plaintiff did have access to the courts that he was able to obtain his release from prison in the fall of 2006. As for his equal protection claim, Plaintiff alleges a violation of his right to equal protection due to his status as a sexual offender. Sexual offenders are not a protected class. *Doe v. Moore*, 410 F.3d 1337, 1346 (11th Cir. 2005). Moreover, Plaintiff's response to the City's motion to dismiss indicates that his equal protection claim is aimed more at the Florida reporting statute than at any police investigative techniques. The Eleventh Circuit's opinion in *Doe v. Moore*, forecloses any Equal Protection challenge to Fla. Stat. §943.0435. 410 F.3d at 1346-48. Finally, Plaintiff's general assertions in his

---

[7] "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." *United States v. Floyd*, 281 F.3d 1346, 1348 (11th Cir. 2002) (citation and quotations omitted).

complaint of police harassment and intimidation also are frivolous.

Based on the foregoing, it is hereby

RECOMMENDED:

1. The City's motion to dismiss Plaintiff's complaint be GRANTED.

IT IS SO REPORTED in chambers at Tampa, Florida on July 22, 2009.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James D. Whittemore