UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN-PIERRE RONET,

    Plaintiff,

vs.                                           Case No. 8:08-CV-2076-T-27MAP

CITY OF TAMPA
POLICE DEPARTMENT, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are the Report and Recommendations submitted by the Magistrate Judge recommending that the City of Tampa's Motion to Dismiss (Dkt. 16) and the Motion to Dismiss Complaint on Behalf of Lori Ellingsworth of the Hillsborough County State Attorney's Office (Dkt. 26) be granted (Dkts. 40, 41). Plaintiff has filed objections to the Report and Recommendations (Dkts. 42, 43).

After careful consideration of the Report and Recommendations and Plaintiff's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendations should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED**:

1)     The Report and Recommendations (Dkts. 40, 41) are adopted, confirmed, and approved in all respects and are made a part of this order for all purposes, including appellate review.

1

2) The City of Tampa's Motion to Dismiss (Doc. 16) is **GRANTED**.

3) The Motion to Dismiss Complaint on Behalf of Lori Ellingsworth of the Hillsborough County State Attorney's Office (Dkt. 26) is **GRANTED**.

4) Plaintiff's claims against the City of Tampa, City of Tampa Police Department, the Hillsborough County State Attorney, and Lori Ellingsworth in her official capacity are **DISMISSED** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claim on which relief can be granted. Because amendment is futile, the claims are **DISMISSED WITH PREJUDICE**.

5) To the extent that the complaint purports to state claims against Tampa Police Department Officers B. Elliot, R. Cholnik, Dana L. Berry and Lawrence S. Figueredo,[1] and against Mohammed Ashret Bradelia,[2] Cindy Price and Richard Curtis,[3] the claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

---

[1] Officers B. Elliot, R. Cholnik, Dana L. Berry, and Lawrence S. Figuerredo are listed as parties in the complaint (Dkt. 1 ¶ 9) but omitted from the caption. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). The docket discloses no summons issued as to these Defendants and no executed waiver of service of process.

[2] The docket discloses no proof of service of process on Mohammed Ashret Bradelia and no executed waiver of service. See Dkt. 30 (U.S. Marshals Service deputy's return of service unexecuted as to Bradelia); Dkt. 36 (May 21, 2009, order granting in part Plaintiff's Motion for Additional Service of Process and directing Plaintiff to serve process on Bradelia, Richard Curtis and Cindy Price within twenty days); Dkt. 39 (Plaintiff's Notice of Service of Process by Mail on Bradelia, Cindy Price and Richard Curtis); Dyer v. Wal-Mart Stores, Inc., 318 F. Appx. 843 (11th Cir. 2009) (unpublished) (service by mail is generally insufficient in Florida).

[3] Cindy Price and Richard Curtis are listed as parties in the complaint (Dkt. 1 ¶ 10) but omitted from the caption. The docket discloses no summons issued as to Price and Curtis and no executed waiver of service of process. See also Dkt. 9 (directing Plaintiff to complete and return summons forms within twenty days); Dkt. 22 (denying Plaintiff's request for summons as to Price and Curtis because Plaintiff failed to submit the summons forms and because "Richard Curtis and Cindy Price are not listed a defendants in the title of the Complaint as required by Fed. R. Civ. P. 10(a).").

6) To the extent that the complaint purports to state claims under Florida law[4] against any defendant, the supplemental state law claims are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3). See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (noting that the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").

7) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 20th day of August, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Plaintiff

---

[4] The complaint (Dkt. 1 ¶ 2) "invokes supplemental jurisdiction . . . over Plaintiff's State claims against Defendants for common law violations pursuant to Title 28 U.S.C. § 1367." However, the complaint fails to identify the common law violations.