UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN PIERRE RONET,

    Plaintiff,

v.                                      CASE NO.: 8:08-CV-2076-T-27MAP

CITY OF TAMPA POLICE
DEPARTMENT *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court for consideration of Plaintiff's application to proceed in district court without prepaying fees or costs (doc. 48), which due to the procedural posture of the case the Court construes as a motion to proceed *in forma pauperis* on appeal.[1] The district judge dismissed with prejudice (due to futility of amendment) Plaintiff's complaint against the City of Tampa, City of Tampa Police Department, the Hillsborough County State Attorney, and Lori Ellingsworth in her official capacity under Rule 12(b)(6). The district judge also dismissed Plaintiff's claims against Tampa Police Department Officers B. Elliot, R. Cholnik, Dana L. Berry, and Lawrence S. Figueredo, and against Mohammed Ashret Bradelia, Cindy Price, and

---

[1] I note Fed. R. App. P. 24(a) provides that a party permitted to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal "without further authorization, unless…the district court…certifies that the appeal is not taken in good faith." Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). Although I initially granted Plaintiff's motion to proceed *in forma pauperis* (doc. 9), I subsequently concluded in my report and recommendations that dismissal would be appropriate under Rule 12(b)(6) or under Section 1915 "when reconsidering Plaintiff's *in forma pauperis* status." *See* Doc. 40; *see also* Doc. 41. The district judge adopted those report and recommendations (doc. 44).

1

Richard Curtis under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Finally, the district judge dismissed Plaintiff's supplemental state law claims.

Section 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). For the reasons set out by the district judge in his Order dismissing the case (doc. 44), and my report and recommendations adopted therein (docs. 40, 41), it is hereby

RECOMMENDED:

1. Plaintiff's motion to proceed *in forma pauperis* on appeal (doc. 48) be DENIED.

IT IS SO REPORTED in chambers at Tampa, Florida on October 27, 2009.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: The Honorable James D. Whittemore